UNION· NAT. BANK OF CHICAGO *v.* SEEBERGER, Collector, etc.

*(Circuit Court, N. D. Illinois.* March 14, 1887.)

CUSTOMS DUTIES—POTATO STARCH—FARINA.

Starch made from potatoes, and pulverized or ground so as to take the form of a fine flour or powder, and invoiced as "sifted farina," is not within the meaning of the term "farina" as used in paragraph 694 of the Index to the New Tariff, and consequently free of duty, but is to be classified as "potato starch," and subject to a duty of two cents per pound, under paragraph 269 of the act of March 3, 1883.

At Law. Action to recover excess of duties paid under protest.

*P. L. Shuman*, for plaintiff.

*W. G. Ewing*, U. S. Dist. Atty., for defendant.

BLODGETT, J. ·.Plaintiff imported a quantity of starch made from potatoes, and pulverized or ground so·as to be in the form of a fine flour or powder, which was invoiced by the name of "sifted farina." The collector classed it as "potato starch" under paragraph 269 of the tariff act of March 3, 1883, as indexed by the treasury department, and assessed a duty upon it of two cents per pound. Plaintiff claimed that it should be admitted free of duty as "farina," under paragraph 694 of the New Tariff as indexed, or charged only with a duty of 20 per cent. *ad valorem* under section 2513 as amended by the act of March 3, 1883, as a manufactured article not enumerated or provided for. The duties exacted were paid under protest, an appeal taken to the secretary of the treasury, where the action of the collector was affirmed; and this suit is brought to recover the whole of the duties so paid, if the court shall hold that the goods should have been admitted free, or the excess above 20 per cent. *ad valorem*, if the court shall hold that they were properly chargeable under section 2513.

It is but justice to the plaintiff in this case to say that its interest in the matter is merely nominal, the real party to the controversy being

the Davis Warehouse & Supply Company; the goods in question having been purchased with money advanced by the bank, and the invoices made in its name for the purpose of securing the advances.

It is admitted that the commodity in question is both chemically and microscopically potato starch, but it is contended in behalf of the plaintiff that by the grinding, or reducing it to powder, it has acquired a new commercial designation, and is known as "farina" or "*Kartoffel Mehl*" in Germany, from whence this importation was made. Without taking time to discuss the testimony at length in regard to whether the article in question is known anywhere as "farina," it is enough to say that I am satisfied from the proof that the term "farina," as used in the customs law under consideration, does not apply to this commodity, but to a food preparation made from that portion of the wheat kernel which contains the largest percentage of gluten. Starch is one of the products of nearly all farinaceous grains and roots, but it is obtained by a process which is intended to remove all the glutinous matter from it. There was, as the proof shows, an article of commerce in common use at the time this law was enacted, made from the hard part of the wheat kernel, and which was imported, known, and dealt in as "farina," and this was undoubtedly the commodity which it was intended to admit duty free under paragraph 694 of the New Tariff Index.

The proof shows that the article in question is known in Germany by the name of "*Kartoffel Mehl*," which means the same as the English words "potato flour;" and it is not generally known or dealt in there by the name of "farina" or "sifted farina," although I think it quite probable that, if an order were now sent to any of the correspondents of the Davis Warehouse & Supply Company for sifted farina, they might send the article in question, but it would be because of the education, so to speak, which manufacturers and dealers abroad have received from this company, rather than from the general application of the term, that it would be assumed as proper to send potato flour on such an order.

The proof shows that this potato starch, both in lumps and ground, has been quite extensively imported for many years, and had always been classed and charged with duty as potato starch until about 1883, when this Davis Warehouse & Supply Company made an importation to this port of the ground article, invoiced by the name of "sifted farina," which it was claimed should pass free, and after some hesitation and delay the claim was conceded; and from that time until the invoices now in question the article has been admitted at this port duty free, although the same commodity has paid duty as potato starch at other ports. The proof also shows that for most of the uses to which this potato starch is applied in this country, it is ground, or reduced to powder, so that importers may, and very probably do, order the commodity in the condition best adapted to the uses for which it is wanted, either in the coarse lumps or pulverized; and, whether in lumps or powdered, it is nothing more nor less than potato starch. The grinding or pulverization did not alter its character, nor make a new product. It remained potato starch, and, as such, subject to the duty imposed upon potato starch,

and was not, by the process of grinding, thrown out of the list of enumerated articles, on which a specific duty is imposed, into the doubtful category of unenumerated articles provided for by section 2513.

The issue is found for the defendant.